

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2006

# Thomas v. Rosemeyer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1940

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thomas v. Rosemeyer" (2006). *2006 Decisions.* Paper 333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1940
_____

VINCENT THOMAS,

Appellant

v.

FREDERIC A. ROSEMEYER, Superintendent in his
individual and official capacity as Superintendent
of Laurel Highlands; MARDI HUNSBERGER, Deputy, in her
individual and official capacity as Deputy of Laurel
Highlands; STEVEN M. GATES, In his individual and official
capacity as Deputy of Laurel Highlands; RONALD CHERO,
In his individual and official capacity as Captain of
Security of Laurel Highlands; MICHAEL TURNER, In his
individual and official capacity as Lieutenant of Security
of Laurel Highlands; JOANN CROSS, In her individual and
official capacity as Educational Guidance Counsel for
Laurel Highlands; RAYMOND SOBINA, In his individual and
official capacity as Superintendent of Somerset; GERALD
ROZUM, In his individual and official capacity as Deputy
of Somerset; M. LARRY AMENTI, In his individual and official
capacity as Program Manager for Somerset; GEHLMANN, Lt.,
In his individual and official capacity Major of Somerset; ROBERT BITNER,
In his individual and official capacity as Chief
Hearing Examiner for Misconducts for the Department of Corrections
of Pennsylvania; BEN E. ANSELL, In his individual and official
capacity as Hearing Examiner for Misconducts for the Department
of Corrections of Pennsylvania

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00032)
District Judge: Honorable Kim R. Gibson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 28, 2006

Before: FUENTES, VANANTWERPEN AND CHAGARES, <u>Circuit Judges</u>.

(Filed: October 12, 2006)

_____

OPINION
_____

PER CURIAM

Vincent Thomas appeals the order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action.

While Thomas was incarcerated in SCI-Laurel Highlands in 2003, he was suspected of sending a threatening letter to defendant Joann Cross, who is a guidance counselor at the institution. Thomas was then transferred to SCI-Somerset and placed into the restricted housing unit (RHU). On November 26, 2003, a misconduct hearing was conducted relating to the threatening letter. At the conclusion of the hearing, defendant Ben Ansell found Thomas guilty of three charges, and imposed a sanction of 90 days' confinement on each charge for a total disciplinary time of 270 days.

Thomas filed a complaint pursuant to 42 U.S.C. § 1983, alleging that: (1) his Fourteenth Amendment procedural due process rights were violated when he was denied access to witnesses and evidence at his misconduct hearing, and (2) defendants violated

2

his Eighth Amendment right to be free from cruel and unusual punishment. Thomas sought damages and expungement of his record. The magistrate judge recommended that Thomas's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The District Court adopted the recommendation of the magistrate judge and dismissed Thomas's complaint.

Thomas timely filed a notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Thomas leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Thomas alleges that his Fourteenth Amendment right to procedural due process was violated when he was transferred to SCI-Somerset and placed in the RHU, and when he received 270 days of disciplinary confinement without being permitted to see the evidence against him or call any witnesses. In analyzing a due process claim, the threshold question is whether the complaining party has been deprived of a protected liberty or property interest. See Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). In a prison context, due process protection is limited to those situations where the deprivation rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Thomas concedes that he has no liberty interest in being confined at any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 46 (1983). Thomas's confinement in the RHU

3

for a period of 270 days is not an atypical or significant hardship.  See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (placement of a prisoner in administrative custody for 15 months did not involve an atypical, significant deprivation).  He thus does not assert a liberty interest for which he is entitled to due process protection.  To the extent Thomas asserts that the prison's failure to comply with state procedures deprived him of due process, state procedures, in themselves, do not confer a liberty interest protected by the due process clause.  See Rodriguez v. McLoughlin, 214 F.3d 328, 339 (2d Cir. 2000) (the fact that a state has established procedures to be followed does not mean that it has created a protected liberty interest).  Accordingly, Thomas's claims under the Fourteenth Amendment fail.

Thomas also alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment.  The relevant Eighth Amendment inquiry is whether the prisoner has been deprived of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  This requires an allegation that the prisoner has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault.  Griffin, 112 F.3d at 709.  As the District Court explained, Thomas presented no evidence that he was denied basic human needs such as food, clothing, shelter, sanitation, medical care, or personal safety. Thomas's claim that his placement in the RHU violated the Eighth Amendment lacks merit.  See Griffin, 112 F.3d at 709 (placement of a prisoner in administrative custody for 15 months did not involve the deprivation of any basic human need under the Eighth

4

Amendment).

For the foregoing reasons, Thomas's appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of legal merit.  Because Thomas's appeal lacks legal merit, his motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).